UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IRFAN GOKCE,

    Plaintiff,

    v.

DAVID JENNINGS, *et al*,

    Defendants.

Case No.C08-5293 BHS/KLS

REPORT AND RECOMMENDATION

**NOTED FOR: October 10, 2008**

On May 6, 2008, Irfan Gocke purported to file a civil rights complaint pursuant to 42 U.S.C. § 1983, but failed to pay the Court's filing fee or submit a an application to proceed *in forma pauperis*. Dkt. # 1. The Court Clerk sent a letter to Plaintiff on May 13, 2008, advising Plaintiff that he must pay the filing fee or submit a completed application to proceed *in forma pauperis* by June 12, 2008. Dkt. # 2. Plaintiff did not do either. Instead he filed a motion for immediate release from custody, claiming that officials at the Northwest Detention Center refused to provide him with copies of his inmate trust fund account and copies of the *in forma pauperis* application, acknowledgment and authorization and written consent forms, and that he must prepare all of his documents with a pencil. Dkt. # 3.

The Court advised Mr. Gocke that he is not required to submit a copy of his inmate trust

REPORT & RECOMMENDATION - 1

fund account for the past six months in order to proceed *in forma pauperis* in this court. However, he must complete the *in forma pauperis* application and must sign and submit the consent form. Dkt. # 4. He was also advised that he may complete and sign these forms in pencil so long as he does so clearly and legibly. *Id*. The Court provided the Plaintiff with two copies of each form so that he could complete them in duplicate. *Id*. Plaintiff was advised that in the alternative, he could pay the filing fee of $350.00 to proceed with his lawsuit. *Id*.

On July 9, 2009, the Court's Order (Dkt. # 4) was returned to the Clerk as undeliverable marked "addressee released/mail returned to sender." Dkt. # 5.

It has been more than sixty days since the Court's latest mailings to Plaintiff were returned and the Court does not have a current address for the Plaintiff. The Plaintiff appears to have abandoned this action.

**DISCUSSION**

Local Rule 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro-se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

This action has existed more than sixty days without an address for the Petitioner. Dismissal without prejudice for failure to prosecute is appropriate. Accordingly, the undersigned recommends **DISMISSAL WITHOUT PREJUDICE** for failure to prosecute pursuant to Local Rule 41(b)(2).

**CONCLUSION**

The Court should dismiss this action as Petitioner has left no forwarding address and appears to have abandoned the case. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

REPORT & RECOMMENDATION - 2

1 the parties shall have ten (10) days from service of this Report to file written objections. *See also*
2 Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of
3 appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule
4 72(b), the Clerk is directed to set the matter for consideration on **October 10, 2008**, as noted in the
5 caption.

7     DATED this __25th__ day of September, 2008.

                                                                  Karen L. Strombom
                                                                   United States Magistrate Judge

26 REPORT & RECOMMENDATION - 3